NUMBER 13-10-00243-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

MARION VASQUEZ,                                                                      Appellant,

 

v.

 

THE STATE OF TEXAS,                                                               Appellee.


                                                                                                                     
  

 

On appeal from County
Court at Law No. 3

of Nueces County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices Benavides,
Vela, and Perkes   

Memorandum Opinion by
Justice Perkes  

            

Appellant,
Marion Vasquez, appeals her conviction for driving while intoxicated, a Class B
misdemeanor.  See Tex. Penal Code
Ann. § 49.04(a) (West 2003).  A jury found appellant guilty and the trial court
sentenced appellant to ninety days of confinement in the Nueces County Jail and
imposed a $700 fine, plus court costs.  The trial court suspended imposition of
the jail sentence and placed appellant on community supervision for a term of
twelve months.  Appellant timely perfected this appeal and as discussed below,
her court-appointed counsel filed an Anders brief.  We affirm.

I.      Anders
Brief

Pursuant to Anders v. California,
386 U.S. 738, 744 (1967), appellant’s court-appointed appellate counsel filed a
brief and a motion to withdraw with this Court, stating that her review of the
record yielded no grounds of error upon which an appeal can be predicated. 
Counsel’s brief meets the requirements of Anders as it presents a
professional evaluation demonstrating why there are no arguable grounds to
advance on appeal.  See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex.
Crim. App. 2008) (“In Texas, an Anders brief need not specifically
advance ‘arguable’ points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent
legal authorities.”) (citing Hawkins v. State, 112 S.W.3d 340, 343–44
(Tex. App.—Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d
503, 510 n.3 (Tex. Crim. App. 1991).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant’s counsel
carefully discussed why, under controlling authority, there are no reversible errors
in the trial court’s judgment.  Counsel has informed this Court that she has:
(1) examined the record and found no arguable grounds to advance on appeal; (2)
served a copy of the brief and counsel’s motion to withdraw on appellant; and
(3) informed appellant of her right to review the record and to file a pro se
response.[1] 


See Anders, 386 U.S. at 744; Stafford,
813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409
n.23.  More than an adequate period of time has passed and appellant has not
filed a pro se response.  See In re Schulman, 252 S.W.3d at 409.

II.   
INDEPENDENT REVIEW

            Upon receiving an Anders brief, we
must conduct a full examination of all the proceedings to determine whether the
case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988).  We
have reviewed the entire record and counsel’s brief, and have found nothing
that would arguably support an appeal.  See Bledsoe
v. State, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005)
(“Due to the nature of Anders briefs, by indicating in the opinion that
it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.”); Stafford, 813 S.W.2d at 509. 
There is no reversible error in the record.  Accordingly, the judgment of the
trial court is affirmed.

III.  MOTION TO WITHDRAW

            In accordance with Anders, appellant’s
attorney asked this Court for permission to withdraw as counsel for appellant.  See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408
n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas
1995, no pet.)  (“[i]f an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant.  To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing
the appellate court that the appeal is frivolous.”) (citations omitted)).  We
grant counsel’s motion to withdraw.  Within five days of the date of this
Court’s opinion, counsel is ordered to send a copy of this opinion and this
Court’s judgment to appellant and to advise her of her right to file a petition
for discretionary review.[2] 
See Tex. R. App. P.  48.4;
see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

                                                                                                                                                                                                                                                                                    

                                                                                         Gregory
T. Perkes

                                                                                         Justice

 

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

Delivered and filed
the 

28th day of July,
2011. 

 









[1]  The Texas Court of Criminal Appeals
has held that “the pro se response need not comply with the rules of appellate
procedure in order to be considered.  Rather, the response should identify for
the court those issues which the indigent appellant believes the court should
consider in deciding whether the case presents any meritorious issues.” In
re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim.
App. 2008) (quoting Wilson v. State, 955 S.W.2d 693, 696–97 (Tex. App.—Waco
1997, no pet.)).





[2]  No substitute counsel will be
appointed.  Should appellant wish to seek further review of this case by the
Texas Court of Criminal Appeals, she must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3, 68.7.  Any petition for discretionary review should comply
with the requirements of Texas Rule of Appellate Procedure 68.4.  See Tex. R. App. P. 68.4.